# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA
### FOURTH DIVISION

_____

TIFFANY CROWDER,                    Civil Action No. 11 CV 646 JNE/FLN
In her individual capacity
And her capacity as natural
Mother and legal guardian of
T. C.,

And

T. C., a minor child,

       Plaintiffs,

vs.

DAVID MENTER,
in her individual capacity
and his official capacity acting
under color of law as a
Minneapolis police officer,

UNKNOWN OFFICERS 1 – 10,
in their individual capacities and their
official capacities, acting under color of
law as Minneapolis police officers and/or
officers of the Metropolitan Gang Strike Force,

CITY OF MINNEAPOLIS,
a government entity and political subdivision of the state of Minnesota,

and

MINNEAPOLIS PUBLIC HOUSING AUTHORITY,
a government entity and political subdivision of the state of Minnesota,

       Defendants.

_____

## COMPLAINT – TRIAL BY JURY DEMANDED
_____

<u>INTRODUCTION</u>

Plaintiffs Tiffany Crowder and T. C. sue defendants David Menter, in his individual capacity acting under color of law as a Minneapolis Police Officer and the City of Minneapolis, jointly and severally, for violations of their clearly established rights under the Fourth, First, and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure, unlawful search, unlawful deprivation of parental rights unto a minor child, and infliction from unreasonable, excessive force.

Plaintiffs additionally sue the defendants jointly and severally for violations of their clearly established rights under the common law of Minnesota to be free from trespass, unlawful search, invasion of privacy, and battery.  Plaintiffs sue the City of Minneapolis pursuant to Minn. Stat. § 626.74 for bodily injuries inflicted upon T. C. and property damage resulting directly from the execution of the warrant and violent entry into their dwelling by Officer David Menter.

Plaintiff Tiffany Crowder additionally sues the City of Minneapolis (Minneapolis) to compel production of data to which she has access, and which Minneapolis wrongfully withholds, in accordance with Minn. Stat. §§ 13.04 subd. 3, 13.03 subd. 3, 13.82 subd. 2, 3, 6, and 7, and 13.08 subd. 4(a).

Plaintiff Tiffany Crowder sues Minneapolis to correct false and inaccurate data, of and concerning herself, communicated by Minneapolis and its agent, Officer David Menter, to the Minneapolis Public Housing Authority (MPHA). Such communicated false data directly results in the loss of Ms. Crowder's

Section 8 housing assistance program (HAP) voucher.  Ms. Crowder sues the City of Minneapolis pursuant to Minn. Stat. §§ 13.04 subd. 4, 13.05 subd. 5(a),  and 13.08 subd. 2 for declaratory and equitable relief for violation of her right to be the subject of truthful data in the possession or control of the City of Minneapolis (Minneapolis).  Furthermore, Ms. Crowder sues Minneapolis  pursuant to Minn. Stat. § 13.08 subd. 1 for damages in excess of $75,000, or a sum that the jury shall determine, and exemplary damages up to $15,000, or a sum that the jury shall determine, as a direct result of the harm she suffers from Minneapolis's communication of false, inaccurate data concerning her to the Minneapolis Public Housing Authority.

Ms. Crowder sues Minneapolis Public Housing Authority (MPHA) for violation of her rights under the Fair Housing Act as Amended to be free from racial discrimination on account of her association with an African-American male who is not a co-tenant of hers.

Ms. Crowder sues MPHA in accordance with Minn. Stat. §§ 13.04 subd. 4, 13.05 subd. 5, and 13.08 subd. 1, to correct false, inaccurate indivudal data of and concerning herself that MPHA collects, uses, and disseminates, where such data inflict damages upon Ms. Crowder and her minor children.  In addition, Ms. Crowder sues MPHA to compel production of public and private data of and concerning herself and her minor children that MPHA has failed to provide to her on a timely basis, without lawful authority for said delay.

Plaintiffs demand trial by jury on all claims triable to the jury.

**JURISDICTION**

1. Plaintiffs state claims for violation of clearly established rights under the Fourth, First, and Fourteenth Amendments to the United States Constitution.

2. 42 U.S.C. § 1983 provides a remedy for violation of these clearly established constitutional rights.

3. This court has subject matter jurisdiction in accordance with 28 U.S.C. § 1331.

4. Plaintiffs state claims that arise under the laws of Minnesota.

5. This court has supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

**VENUE**

6. Defendant City of Minneapolis is a political subdivision under Minn. Stat. § 13.02 subd. 11 and the county seat of Hennepin County, state of Minnesota, Fourth Division of the Judicial District of Minnesota.

7. The substantial number of events giving rise to this lawsuit take place in Minneapolis, Hennepin County, state of Minnesota.

8. Plaintiffs properly lay venue in this court in accordance with 28 U.S.C. § 1291 and LR D. Minn. 83.11.

**PARTIES**

9. Tiffany Crowder (plaintiff, Crowder, Ms. Crowder) is an adult African-American woman.

10. On the date of the principal event giving rise to this lawsuit, Ms. Crowder lives at 3102 N. Queen Avenue, Minneapolis, Minnesota 55411.

11. Ms. Crowder is the mother and legal guardian of T. C. (plaintiff, child, T.C.)

12. As the direct result of events giving rise to this lawsuit, the plaintiffs became homeless, but now live at 3313 Lyndale Ave. N., Minneapolis, MN.

13. T. C. is a minor child.

14. She is currently fourteen (14) years old.

15. On the date of the principal events giving rise to this lawsuit, T. C. is twelve (12) years old.

16. At all times relevant to this lawsuit, T. C. resides with her mother, Ms. Tiffany Crowder.

17. David Menter (Menter, defendant) is an adult individual.

18. At all times relevant to this lawsuit, Menter acts under color of law as a Minneapolis police officer.

19. On information and belief, after reasonable inquiry, Menter is a regularly assigned officer of the Third Precinct, Minneapolis Police Department, and, on information and belief after reasonable inquiry, is a member of the Metropolitan Gang Strike Force at the time of the principal event on 19 February 2009 giving rise to this lawsuit.

20. Plaintiffs sue Menter in his individual and official capacities.

21. Unknown Officers 1 – 10 (Officers 1 – 10) are adult individuals acting under color of law as Minneapolis police officers or, in the alternative, acting under color of law as officers on assignment to the Metropolitan Gang Strike Force.

22. Plaintiffs sue officers 1 – 10 in their individual and official capacities.

23. Defendant City of Minneapolis (Minneapolis) is a political subdivision under Minn. Stat. § 13.02 subd. 11 and the county seat of Hennepin County, state of Minnesota, Fourth Division of the Judicial District of Minnesota.

23.1. Defendant Minneapolis Public Housing Authority (MPHA) is a political subdivision of the state of Minnesota per Minn. Stat. § 13.02 subd. 11.

**THE FACTS**

24. On 19 February 2009, officers of the Minneapolis Police Department, including one Officer David Menter and Officers 1 - 10, enter Ms. Crowder's residence at or near 7:00 p.m.

25. Officer Menter and Officers 1 – 10 claim to be in search of an African-American male and purported felon.

26. The officers enter the residence after sundown, after the hour of repose for Ms. Crowder's 12 year-old daughter, T. C.

27. The officers break down the front door without verbal warning.

28. The door bursts open.

29. The door strikes T. above her right eye.

30. T. suffers a bloody injury that leaves a permanent scar near her eye.

31. Ms. Crowder has photographs of T. C.'s injuries.

33. Officer Menter contacts Ms. Crowder by phone.

34. Menter informs her that T. "was injured".

35. Ms. Crowder speeds home from errands and finds her injured daughter.

36. Ms. Crowder demands to see a search warrant.

37. The officers produce no search warrant on her demand.

38. The officers enter the residence, allegedly in search of controlled substances.

39. Ms. Crowder denies the existence of drugs in the house.

39. The defendant officers find none.

40. Officer Menter verbally threatens to remove T. C. from the home.

41. He provides no facts or evidence to support removal of T. – just threats.  42. Officer Menter makes an audio recording of his face-to-face communications with Ms. Crowder.

43. On imminent fear of losing her daughter and all her minor children on account of Officer Menter's spoken threats, and, not being at liberty to leave Menter's presence on account of Menter's actions, Ms. Crowder agrees under coercion to all statements by Menter.

44. Officer Menter fails to advise Ms. Crowder of any rights, or right to have an attorney present, during his coercive face-to-face communication with Ms. Crowder.

45. Menter and officers 1 – 10 claim to be searching for a male named "Tobie."

46. Defendant officers and Menter find no "Tobie" at the Crowder residence.

47. Officers rough up, physically manhandle, and curse Ms. Crowder in front of her daughter, using the words "fuck" and "bitch".

48. The officers leave no inventory sheet.

49. Menter and Officers 1 – 10 claim to be in search of a black backpack.

50. Defendant officers find no black backpack at Crowder's residence.

51. Officer Menter directly states that if Ms. Crowder does not cooperate in getting "Tobie" to be an informant for the police, Menter would take action to take away her minor children.

52. The warrantless search and entry results in a broken door, broken latch, broken bed, broken bedroom set, torn up bunk bed, torn up double bed, broken dishes, removed Xbox36, and the removal of $2,200 cash and $3,000 in jewelry, including a bracelet and two pinkie rings from Ms. Crowder's residence.

53. Menter and officers 1 – 10, jointly and severally, seize and transport Ms. Crowder to Hennepin County Jail, without warrant, without citation, and without specific charges.

54. Crowder spends two days in Hennepin County Jail before release.

56. The state and Minneapolis charge Crowder with nothing.

57. Crowder suffers no criminal prosecution for the events at her residence on 19 February 2009.

58. She is charged with nothing.

59. Neither Menter, nor the City of Minneapolis, nor Hennepin County bring any action to take Ms. Crowder's minor children from her home.

60. On and before 19 February 2009, Ms. Crowder works as a nursing assistant at Prairie Lodge, Minnetonka, earning $12.00 per hour.

61. She earns $15 per hour for twenty-four (24) hours of labor per week on Mondays, Tuesdays, and Wednesdays as a private personal care attendant (PCA).

62. As the direct result of her jailing without charges or probable cause, Crowder loses her job as a nursing assistant

63. She mitigates her income loss by job searches.

64. She finds new employment four months after the 19 February 2009 incident.

65. At the time of the 19 February 2009 incident, Ms. Crowder enjoys the benefit of a § 8 Housing Assistant Program (HAP) contract.

66. She pays $341 per month in rent by the benefit of the HAP contract at the time of the incident.

67. Ms. Crowder discloses the 19 February 2009 incident to her landlord, Mr. Daniel Pharr.

68. Mr. Pharr takes no action to evict Ms. Crowder or her children.

69. On or about the 5th of May, 2009, Ms. Crowder receives a written communication from the Minneapolis Public Housing Authority (MPHA) to come to the MPHA for an appointment on or about 14 May 2009.

70. Ms. Crowder receives no other written data from MPHA before 14 May 2009, other than the notice informing her of her appointment.

71. The letter from MPHA § 8 program employee Kristi Clayson alleges "violations of your lease contract including drug and criminal activity in the unit".

72. The letter does not direct Ms. Crowder to bring anything to the appointment.

73. Ms. Crowder appears for her appointment.

74. At the appointment, the MPHA employee provides a "calls for service" report from Ms. Crowder's 3102 Queen Ave. N. tenancy that includes six separate calls, a report that includes three "calls for service" before Ms. Crowder's tenancy.

75. At the appointment, the MPHA employee, Ms. Clayson. provides a police report, 9 pages long, from MP 09 049142.

76. Ms. Crowder appears at MPHA with Mr. Ron Edwards of the Minneapolis Urban League.

77. Ms. Clayson informs Ms. Clayson that the police found male clothing at her apartment.

78. Ms. Clayson asks for an explanation.

79. Ms. Crowder explains that the police found male clothing in luggage because she and Tobie had attended the NBA All-Star game in Phoenix, that they had returned two days before the raid, that they had not unpacked, and that Tobie did not live at 3102 Queen Ave. N.

80. Ms. Crowder informs Ms. Clayson lives in South Minneapolis.

81. Ms. Clayson informs Ms. Crowe that another hearing on her § 8 status will take place.

82. On 1 June 2009, Ms. Crowder and her minor children move to 3914 Colfax Ave. N., Minneapolis, MN 55411 on their free will and accord.

82. Ms. Crowder does not receive § 8 benefits at 3914 Colfax Ave. N.

10

83. Ms. Crowder receives a letter dated 29 July 2009 from MPHA informing her that her § 8 benefits will end "due to alleged serious violations of the program obligations and requirements by you or by members of the family household."

84. The 29 July 2009 letter informs Ms. Crowder she must request a hearing by 12 July 2009.

85. The 29 July 2009 letter identifies three (3) pieces of information on which the denial of benefits is based: (a) unspecified letters sent to Ms. Crowder by her landlord; (b) "police recap and police reports showing the high risk warrant entry and SAFE case"; and (c) "the copy of your lease that you have violated".

86. On or about 19 August 2009, Ms. Crowder receives a letter from MPHA informing her of a "denial of eligibility hearing" at MPHA on 3 September 2009.

87. The hearing takes place on 3 September 2009.

88. Mr. Edwards of the Minneapolis Urban League attends with Ms. Crowder.

89. No police officers appear at the hearing.

90. At the hearing, Ms. Crowder denies that Tobie Clarke lives with her.

91. Ms. Crowder brings one piece of mail and Mr. Clarke's tax return to show his residence in South Minneapolis – not with Ms. Crowder.

92. She demands to see evidence allegedly seized in the police search of her house, including a scale, contraband, and weapons.

93. MPHA produces no such evidence at the hearing.

94. No hostile witness testifies against Ms. Crowder, or refutes the evidence of Mr. Clarke's residence elsewhere.

95. MPHA notes the "diminished credibility" of the Metro Gang Strike Force in its written findings and conclusions following the hearing.

96. Nevertheless, and notwithstanding the above defects, MPHA takes away Ms. Crowder's § 8 Housing Assistance Program benefits after the hearing.

97. Ms. Crowder loses her Section 8 housing status as a direct result of the jailing that resulted in no charges,

98. Ms. Crowder loses her Section 8 housing status as a direct result of the raid that was not supported by search warrant or arrest warrant, and which resulted in the discovery of no controlled substances.

99. Ms. Crowder's rent increased from $341 to $1,200 per month as a result of the loss of Section 8 support.

100. Ms. Crowder was out of work four months until she found new work to replace her 24 hour per week, $15 per hour job as a nursing assistant.

101. As a result of the loss of Section 8 housing, Ms. Crowder has had no stable work that provides for her family's needs, including day care to enable her to work longer hours.

102. As a result of the loss of Section 8 housing, Ms. Crowder goes back on MFIP to make ends meet.

103. Ms. Crowder currently lives at 3313 Lyndale Ave. N., Minneapolis, MN 55411, after being homeless for four months, including the summer of 2010.

104. Ms. Crowder currently pays $950 in monthly rent.

105. Ms. Crowder currently has a $200 monthly rental subsidy from ELIMS.

106. Prior to the termination of § 8 without cause, resulting from the warrantless seizure and raid, Ms. Crowder did not require MFIP because she was working, although she received health care from the state for her children and herself.

107. Prior to the termination of § 8 without cause, resulting from the warrantless seizure and raid, Ms. Crowder earned enough from her job to be just short of affording health insurance for herself and her children through her employer.

108. But for the wrongful deprivation of § 8 benefits that results from the warrantless, unreasonable seizure and raid of 19 February 2009, Ms. Crowder would have been totally self-sufficient.

109. Ms. Crowder makes requests for access to all data of and concerning herself to the City of Minneapolis concerning the 19 February 2009.

110. Minneapolis has failed to provide the audio recording that Officer Menter made of his coerced interview with Ms. Crowder.

111. Ms. Crowder makes request for access to all data of and concerning herself to the MPHA, on or about 19 November 2010.

112. To date, MPHA fails to respond to her request.

113. The actions of the defendants, jointly and severally, inflict damages upon Ms. Crowder and T. C., including emotional distress, anxiety, fear, psychological harm, and, in the case of T. C., bodily injuries.

## CLAIM I: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.

114. Ms. Crowder realleges and reasserts each and every claim and averment above.

115. David Menter, in his individual capacity acting under color of law, entered Ms. Crowder's dwelling without warrant, without consent, without exigent circumstances, or any other lawful authority, in violation of Ms. Crowder's clearly established right to be free from unreasonable searches and seizures of her dwelling.

116. Defendant Menter's actions inflict damage upon Ms. Crowder.

## CLAIM II: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.

117. Ms. Crowder realleges and reasserts each and every claim and averment above.

118. David Menter, in his individual capacity acting under color of law, entered T. C.'s dwelling without warrant, without consent, without exigent circumstances, without warning, and without any other lawful authority, and past T. C's hour of repose, causing physical injuries to T. C., in violation of Ms. Crowder's clearly established right to be free from unreasonable searches and seizures of her dwelling.

119. Defendant Menter's actions inflict damages upon T. C.

## CLAIM III: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.

120. Ms. Crowder realleges and reasserts each and every claim and averment above.

121. David Menter, in his individual capacity acting under color of law, and Officers 1 – 10, in their individual capacities under color of law enter Ms. Crowder's and T. C.'s dwelling without warrant, without consent, without exigent circumstances, without warning, and without any other lawful authority, and past T. C's hour of repose, causing physical injuries to T. C., in violation of Ms. Crowder's clearly established right to be free from unreasonable searches and seizures of her dwelling,

122. Defendant Menter's actions inflict damages upon T. C.

## CLAIM IV: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.

123. Ms. Crowder realleges and reasserts each and every claim and averment above.

124. David Menter, in his individual capacity acting under color of law, and officers 1 – 10, in their individual capacities acting under color of law, jointly and severally entered Ms. Crowder's and T. C.'s dwelling without warrant, without

consent, without exigent circumstances, without warning, and without any other lawful authority, and past T. C's hour of repose, causing property damage to Ms. Crowder's front door, screen door, kitchen ceiling panels, wall-mounted coat hook, bedroom dresser set, electronic entertainment set, mattresses, bathroom cabinets, bathroom shelves, and Xbox 360 game, causing unreasonable seizure of personal property belonging to Ms. Crowder, including two pinky rings and a bracelet valued at $3,000 and in violation of Ms. Crowder's clearly established right to be free from unreasonable searches and seizures of her dwelling, and

125. Defendant Menter's actions inflict damages upon Ms. Crowder and T. C.

## CLAIM V: FOURTH AND FOURTEENTH AMENDMENT, PROTECTED THROUGH 42 U.S.C. § 1983 (UNREASONABLE SEIZURE)

126. Ms. Crowder realleges and reasserts each and every claim and averment above.

127. Defendants Menter and Officers 1 – 10, jointly and severally, unreasonably seized Ms. Crowder and caused her to be jailed for two days without warrant, without exigent circumstances, without lawful authority, and without probable cause, in violation of her clearly established rights to be free from unreasonable seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

128. Defendants inflict damages upon Ms. Crowder.

**CLAIM VI: U.S. FAIR HOUSING ACT AS AMENDED**

129. Ms. Crowder realleges and reasserts each and every claim and averment above.

130. MPHA discriminated against Ms. Crowder with respect to the terms and conditions of her § 8 housing assistance program benefits on account of race and her association with an African-American male, in violation of the Fair Housing Act as Amended.

131. The actions of MPHA inflict damages upon Ms. Crowder.

**CLAIM VII: MINNESOTA HUMAN RIGHTS ACT**

132. Ms. Crowder realleges and reasserts each and every claim and averment above.

133. MPHA discriminated against Ms. Crowder with respect to the terms and conditions of her § 8 housing assistance program benefits on account of race and her association with an African-American male, in violation of the Minnesota Human Rights Act (MHRA)

134. The actions of MPHA inflict damages upon Ms. Crowder.

**CLAIM VIII COMMON LAW BATTERY**

135. Ms. Crowder realleges and reasserts each and every claim and averment above.

136. Defendants Menter and Officers 1 – 10, jointly and severally, inflicted common law battery upon the person of T. C. without her consent, and without lawful authority.

17

137. Defendants inflict damages upon T. C.

**CLAIM IX COMMON LAW BATTERY (CITY OF MINNEAPOLIS)**

138. Ms. Crowder realleges and reasserts each and every claim and averment above.

139. Defendants Menter and Officers 1 – 10, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

140. Defendant City of Minneapolis inflicts common law battery upon T. C. without her consent and without lawful authority.

141. Minneapolis inflicts damages upon T. C.

**CLAIM X: COMMON LAW TRESPASS**

142. Plaintiffs reallege and reassert each and every claim and averment above.

143. Defendants Menter and Officers 1 – 10, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

144. Defendants Menter, Officers 1 – 10, and Minneapolis, jointly and severally, inflict common law trespass upon plaintiffs without warrant, without consent, and without other lawful authority.

145. Defendants inflict damages upon plaintiffs, including such damages for which Minn. Stat. § 626.74 provides a remedy.

**CLAIM XI: COMMON LAW INVASION OF PRIVACY**

146. Plaintiffs reallege and reassert each and every claim and averment above.

137. Defendants Menter and Officers 1 – 10, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

148. Defendants Menter, Officers 1 – 10, and Minneapolis, jointly and severally, inflict common law invasion of privacy upon plaintiffs without warrant, without consent, and without other lawful authority.

149. Defendants inflict damages upon plaintiffs.

**CLAIM XII: COMMON LAW CONVERSION**

150. Plaintiffs reallege and reassert each and every claim and averment above.

151. Defendants Menter and Officers 1 – 10, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

152. Defendants Menter, Officers 1 – 10, and Minneapolis, jointly and severally, inflict common law conversion upon plaintiffs without warrant, without consent, and without other lawful authority.

153. Defendants inflict damages upon plaintiffs.

**CLAIM XIII: COMMON LAW FALSE IMPRISONMENT**

154. Plaintiffs reallege and reassert each and every claim and averment above.

155. Defendants Menter and Officers 1 – 10, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

156. Defendants Menter, Officers 1 – 10, and Minneapolis, jointly and severally, inflict common law false imprisonment upon Ms. Crowder without warrant, without consent, and without other lawful authority.

157. Defendants inflict damages upon Tiffany Crowder.

**CLAIM XIV: DATA PRACTICES ACT**

158. Plaintiffs reallege and reassert each and every claim and averment above.

19

159. Defendants City of Minneapolis and MPHA, jointly and severally, create, store, and disseminate false, inaccurate individual data of and concerning Ms. Crowder in violation of Minn. Stat. §§ 13.04 subd. 4 and 13.05 subd. 5.

160. Defendants inflict damages upon plaintiff Tiffany Crowder in violation of Minn. Stat. § 13.08 subd. 1.

## CLAIM XV: DATA PRACTICES ACT (MINNEAPOLIS)

161. Plaintiffs reallege and reassert each and every claim and averment above.

162. Defendant City of Minneapolis fails to provide all public or private data of and concerning Ms. Crowder on a timely basis.

## CLAIM XVI: DATA PRACTICES ACT (MPHA)

163. Plaintiffs reallege and reassert each and every claim and averment above.

164. Defendant MPHA fails to provide all public or private data of and concerning Ms. Crowder on a timely basis.

## WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:

**A. JUDGMENT AGAINST THE DEFENDANTS, JOINTLY AND SEVERALLY;**

**B. DAMAGES AGAINST DEFENDANT MENTER IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

**C. DAMAGES AGAINST DEFENDANTS OFFICERS 1 – 10 IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

**D. DAMAGES AGAINST THE CITY OF MINNEAPOLIS IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

E. DAMAGES AGAINST MPHA IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;

F. PUNITIVE DAMAGES AGAINST DEFENDANTS MENTER AND OFFICERS 1 – 10, JOINTLY AND SEVERALLY, IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;

G. REINSTATEMENT OF MS. CROWDER'S § 8 HOUSING ASSISTANCE PROGRAM BENEFITS;

H. COMPELLED PRODUCTION BY THE CITY OF MINNEAPOLIS OF ALL DATA WRONGFULLY WITHHELD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a);

I. COMPELLED PRODUCTION BY MPHA OF ALL DATA WRONGFULLY WITHHELD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a);

J. CIVIL PENALTY AGAINST MPHA IN ACCORDANCE WITH THE MINNESOTA HUMAN RIGHTS ACT, IN SUCH AMOUNT AS THE JURY SHALL AWARD;

K. EXEMPLARY DAMAGES AGAINST THE CITY OF MINNEAPOLIS UP TO $15,000, OR SUCH SUM AS THE JURY SHALL AWARD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 1;

L. EXEMPLARY DAMAGES AGAINST MPHA UP TO $15,000, OR SUCH SUM AS THE JURY SHALL AWARD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 1;

M. CIVIL PENALTY AGAINST MINNEAPOLIS IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a) UP TO $1,000, OR SUCH AMOUNT AS THE JURY SHALL AWARD;

N. CIVIL PENALTY AGAINST MPHA IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a) UP TO $1,000, OR SUCH AMOUNT AS THE JURY SHALL AWARD;

O. INJUNCTION AGAINST FURTHER DISSEMINATION OF FALSE, INACCURATE INDIVUDAL DATA CONCERNING PLAINTIFFS BY DEFENDANTS MINNEAPOLIS, MPHA, OR THEIR REPRESENTATIVES, THAT ARISE FROM MS. CROWDER'S TENANCY AT 3102 QUEEN AVE. N., IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 2;

P. CORRECTION OF ALL FALSE, INACCURATE INDIVUDAL DATA CONCERNING PLAINTIFFS BY DEFENDANTS MINNEAPOLIS, MPHA, OR THEIR REPRESENTATIVES, THAT ARISE FROM MS. CROWDER'S TENANCY AT 3102 QUEEN AVE. N., IN ACCORDANCE WITH MINN. STAT. §§ 13.04 SUBD. 4, 13.08 SUBD. 2 AND 13.08 SUBD. 4(a);

Q. PREJUDGMENT INTEREST;

R. COSTS AND DISBURSEMENTS;

S. REASONABLE ATTORNEY FEES IN ACCORDANCE WITH 42 U.S.C. § 1988, MINN. STAT. §§ 13.08 SUBD. 1 AND 13.08 SUBD. 4(a); AND

**T. ALL OTHER LEGAL AND EQUITABLE RELIEF APPROPRIATE UNDER THE CIRCUMSTANCES.**

**PLAINTIFFS DEMAND TRIAL BY JURY.**

**VERIFICATION**

Having reviewed the factual allegations, assertions, and averments above, and, with exception for those statements made on information and belief and those statements making conclusory statements of law or stating claims for relief, plaintiff hereby affirms under penalty of law that the above statements, assertions, and averments are made to the best of plaintiff's present knowledge.

Date: _____                    _____

                                       Tiffany Crowder

STATE OF MINNESOTA          )
                            ) SS.
COUNTY OF HENNEPIN          )

Subscribed and affirmed before me this ___ day of _____, 2011.


_____
Notary Public

23

Signed in accordance with Fed. R. Civ. P. 11 and Minn. Stat. § 549.211.

Date:_____          PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas*

_____
Peter J. Nickitas, MN Att'y #212313
Attorney for the plaintiff
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
(651) 238-3445/FAX (952) 546-6666
peterjnickitaslawllc@gmail.com