**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
FOURTH DIVISION

---

TIFFANY CROWDER,                     Civil Action No. 11 CV 646 JNE/TNL
In her individual capacity
And her capacity as natural
Mother and legal guardian of
T. C.,

And

T. C., a minor child,

      Plaintiffs,

vs.

DAVID MENTER, Badge #04721,
in her individual capacity
and his official capacity acting
under color of law as a
Minneapolis police officer,

DANIEL LOE, Badge #04218,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

JAMES LYNCH, Badge #04307,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

DAVID PLEOGER, Badge #05753,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

TODD SAUVAGEAU, Badge #06309,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

1

GENE SUKER, Badge #07004,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

LAWRENCE LOONSFOOT, Badge #04234,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

DAVID GARMAN, Badge #2216
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

MIKE NIMLOS, Badge #05138
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

LUCAS PETERSON, Badge #97389,
in his individual capacity and his
official capacity, acting under color of
law as a Minneapolis police officer and/or
officer of the Metropolitan Gang Strike Force,

CITY OF MINNEAPOLIS,
a government entity and political subdivision of the state of Minnesota,

and

MINNEAPOLIS PUBLIC HOUSING AUTHORITY,
a government entity and political subdivision of the state of Minnesota,

Defendants.

---

**PLAINTIFFS' FIRST
AMENDED COMPLAINT –
TRIAL BY JURY DEMANDED**

---

<u>INTRODUCTION</u>

Plaintiffs Tiffany Crowder and minor child T. C. sue defendants David Menter, Daniel Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson in their individual capacities acting under color of law as a Minneapolis Police Officers and the City of Minneapolis, jointly and severally, for violations of their clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful search of their dwelling in excess of the authority of the relevant search warrant.

T.C. and her mother, Tiffany Crowder, sue the individual defendants, jointly and severally, for their actions under color of law in violation of T.C.'s clearly established Fourth and Fourteenth Amendment right to be free from infliction of excessive, unreasonable force, specifically, for permanent facial scars and injuries above T.C.'s right eye resulting from the violent opening of the front door of her house by the individual defendants, most specifically defendants Suker and Lynch. The facial injuries to T.C. require hospitalization at North Memorial the night of the search, as well as stitches.

Plaintiff Tiffany Crowder sues the individual defendants and the City of Minneapolis, jointly and severally, for violations of her clearly established right under the Fourth and Fourteenth Amendment to the United States Constitution to be free from false arrest and false imprisonment for two (2) days, without charges

being brought, without complaint against her, without indictment, without prosecution, and without judicial finding of probable cause.

Tiffany Crowder sues the individual defendants, jointly and severally, for their actions  under color of law in violation of her clearly established rights under the Fourth and Fourteenth Amendment to be free from unreasonable seizure of her personal property without lawful authority, without authority under a search warrant, without plaintiff's consent, and without any other exception under the law.

Tiffany Crowder sues defendant David Menter in his individual capacity acting under color of law for violation of her clearly established First, Fifth, and Fourteenth Amendment right to be free from coercion and unlawful deprivation of her parental rights unto her minor child, T.C.  T.C. and Tiffany Crowder sue defendant David Menter in his individual capacity acting under color of law for violation of her clearly established First and Fourteenth Amendment right of association with her mother.

Plaintiffs additionally sue the individual defendants and the City of Minneapolis, jointly and severally, for violations of their clearly established rights under the common law of Minnesota to be free from trespass, unlawful search, invasion of privacy, conversion, and battery.  Plaintiffs sue the City of Minneapolis pursuant to Minn. Stat. § 626.74 for bodily injuries inflicted upon T. C., property damage to the dwelling itself, and damage to chattels resulting directly from the execution of the search warrant and violent entry into their

dwelling by the above-named individual defendants, in excess of the authority granted under the search warrant.   Plaintiff Tiffany Crowder sues the individual defendants and the City of Minneapolis, jointly and severally, for violations of her clearly established right under the common law of Minnesota to be free from false arrest and false imprisonment for two (2) days, without charges being brought, without complaint against her, without indictment, without prosecution, and without judicial finding of probable cause.

Plaintiff Tiffany Crowder additionally sues the City of Minneapolis (Minneapolis) to compel production of data to which she has access, and which Minneapolis wrongfully withholds, in accordance with Minn. Stat. §§ 13.04 subd. 3, 13.03 subd. 3, 13.82 subd. 2, 3, 6, and 7, and 13.08 subd. 4(a).

Plaintiff Tiffany Crowder sues Minneapolis to correct false and inaccurate data, of and concerning herself, communicated by Minneapolis and its agent, Officer David Menter, to the Minneapolis Public Housing Authority (MPHA). Such communicated false data directly results in the loss of Ms. Crowder's Section 8 housing assistance program (HAP) voucher.  Ms. Crowder sues the City of Minneapolis pursuant to Minn. Stat. §§ 13.04 subd. 4, 13.05 subd. 5(a),  and 13.08 subd. 2 for declaratory and equitable relief for violation of her right to be the subject of truthful data in the possession or control of the City of Minneapolis (Minneapolis).  Furthermore, Ms. Crowder sues Minneapolis  pursuant to Minn. Stat. § 13.08 subd. 1 for damages in excess of $75,000, or a sum that the jury shall determine, and exemplary damages up to $15,000, or a sum that the jury shall

determine, as a direct result of the harm she suffers from Minneapolis's communication of false, inaccurate data concerning her to the Minneapolis Public Housing Authority.

Ms. Crowder sues Minneapolis Public Housing Authority (MPHA) for violation of her rights under the Fair Housing Act as Amended (FHAA) to be free from racial discrimination on account of her association with an African-American male who is not a co-tenant of hers. Ms. Crowder sues MPHA for violation of her clearly established rights under the FHAA to be free from coercion, viz., the unfounded counterclaim of MPHA made in conscious, willful, or reckless disregard of facts within MPHA's knowledge that negate its counterclaim.

Ms. Crowder sues MPHA in accordance with Minn. Stat. §§ 13.04 subd. 4, 13.05 subd. 5, and 13.08 subd. 1, to correct false, inaccurate indivudal data of and concerning herself that MPHA collects, uses, and disseminates, where such data inflict damages upon Ms. Crowder and her minor children.

In addition, Ms. Crowder sues MPHA under Minn. Stat. § 13.08 subd. 4(a) of the Minnesota Government Data Practices Act (MGDPA) to compel production of public and private data of and concerning herself and her minor children that MPHA has refused to provide to her on a timely basis, without lawful authority for said delay, notwithstanding Ms. Crowder's lawful request for access to data. The refusal of MPHA to comply with the MGDPA is a contributing factor to its being sued by Ms. Crowder in this present action. Restated, MPHA's disrespect and disregard of Ms. Crowder make Ms. Crowder's lawsuit against MPHA necessary.

Plaintiffs demand trial by jury on all claims triable to the jury.

**JURISDICTION**

1. Plaintiffs state claims for violation of clearly established rights under the Fourth, First, Fifth, and Fourteenth Amendments to the United States Constitution.

2. 42 U.S.C. § 1983 provides a remedy for violation of these clearly established constitutional rights.

3. Plaintiffs state claims under 42 U.S.C. §§ 3604 and 3617 of the FHAA.

4. This court has subject matter jurisdiction in accordance with 28 U.S.C. § 1331.

5. Plaintiffs state claims that arise under the laws of Minnesota.

6. This court has supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

**VENUE**

7. Defendant City of Minneapolis is a political subdivision under Minn. Stat. § 13.02 subd. 11 and the county seat of Hennepin County, state of Minnesota, Fourth Division of the Judicial District of Minnesota.

8. The substantial number of events giving rise to this lawsuit take place in Minneapolis, Hennepin County, state of Minnesota.

9. Plaintiffs properly lay venue in this court in accordance with 28 U.S.C. § 1291 and LR D. Minn. 83.11.

**PARTIES**

10. Tiffany Crowder (plaintiff, Crowder, Ms. Crowder) is an adult African-American woman.

11. On the date of the principal event giving rise to this lawsuit, Ms. Crowder lives at 3102 N. Queen Avenue, Minneapolis, Minnesota 55411.

12. Ms. Crowder is the mother and legal guardian of T. C. (plaintiff, child, T.C.)

13. As the direct result of events giving rise to this lawsuit, the plaintiffs become homeless for periods of time between 1 November 2009 and the present.  Between the events of 19 February 2009 and the present, plaintiffs dwell at 3914 Colfax Ave. N., Minneapolis, MN 55412, 3313 Lyndale Ave. N., Minneapolis, MN 55412, and now dwell at 3659 Colfax Ave. N., Minneapolis, MN 55412.

14. T. C. is a minor child.

15. She is currently fifteen (15) years old.

16. On the date of the principal events giving rise to this lawsuit, T. C. is twelve (12) years old.

17. At all times relevant to this lawsuit, T. C. resides with her mother, Ms. Tiffany Crowder.

18. David Menter (Menter, defendant) is an adult individual.

19. At all times relevant to this lawsuit, Menter acts under color of law as a Minneapolis police officer.

20. Menter is a regularly assigned officer of the Third Precinct, Minneapolis Police Department, and, on information and belief after reasonable inquiry, is a member of the Metropolitan Gang Strike Force at the time of the principal event on 19 February 2009 giving rise to this lawsuit.

21. Defendants David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson are adult individuals.

22. At all times relevant to this cause of action, all individual defendants named in paragraphs 20 – 21 are Minneapolis police officers.

23. At all times relevant to this cause of action, all the above-named individual defendants act under color of law as Minneapolis police officers.

24. Plaintiffs sue all above-named individual defendants in their individual and official capacities.

25. Defendant City of Minneapolis (Minneapolis) is a political subdivision under Minn. Stat. § 13.02 subd. 11 and the county seat of Hennepin County, state of Minnesota, Fourth Division of the Judicial District of Minnesota.

26. Defendant Minneapolis Public Housing Authority (MPHA) is a political subdivision of the state of Minnesota per Minn. Stat. § 13.02 subd. 11.

**THE FACTS**

27. On 19 February 2009, officers of the Minneapolis Police Department, including one Officer David Menter and Defendants David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson enter Ms. Crowder's and T.C.'s residence at or near 7:00 p.m.

28. Officers David Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and

Lucas Peterson assert that they are in search of an African-American male and purported felon named "Toby".

29. Ms. Crowder is not home.

30. T.C. is home.

31. On 19 February 2009 in Minneapolis, sundown takes place at 5:47 p.m.

32. On 19 February 2009 in Minneapolis, civil twilight ends at 6:17 p.m.

33. The moon is set at all times relevant to the 19 February 2009 entry and search of plaintiffs' dwelling.

34. Plaintiffs attach and incorporate as Exhibit 1 the U.S. Naval Observatory Astronomical Applications Department's "Sun and Moon for One Day" for 19 February 2009 in Minneapolis, Minnesota, at http://aa.usno.navy.mil/cgi-bin/aa_pap.pl as Exhibit 1.

35. The above-named individual defendants enter plaintiffs' dwelling pursuant to a search warrant in search of controlled substances being distributed by one "Toby".

36. The search warrant rests upon the affidavit of Officer David Menter.

37. The search warrant does not authorize destruction of chattel, fixture, or other property relating to the dwelling.

38. The affidavit of Officer Menter does not request night-time entry.

39. The affidavit of Officer Menter does not support night-time entry.

39.1. The affidavit of Officer Menter does not request unannounced entry.

39.2. The affidavit of Officer Menter does not support unannounced entry.

40. The search warrant specifically authorizes daytime entry into the dwelling.

41. The search warrant does not authorize night-time entry into the dwelling.

42. The search warrant does not authorize entry with force.

42. The search warrant explicitly requires announcement of authority or purpose before execution of the warrant.

43. Plaintiffs attach and incorporate said search warrant as Exhibit 2.

44. Plaintiffs attach and incorporate said affidavit as Exhibit 3.

45. The officers enter the residence after sundown, at or near 7:00 p.m.

46. The officers enter the residence after the hour of repose for Ms. Crowder's 12 year-old daughter, T. C.

47. The officers break down the front door without verbal warning.

48. Specifically, Officers Lynch and Suker force open the front door.

49. The door bursts open.

50. The front door strikes T.C. above her right eye.

51. T.C. suffers a bloody injury that leaves a permanent scar near her eye.

52. The defendant officers summon Emergency Medical Services (EMS) to attend to T.C.'s injury above her right eye.

53. EMS personnel arrive.

54. EMS personnel on scene recommend stitches for T.C.

55. Plaintiff Tiffany Crowder and her father, Mr. Pleas Crowder, take T.C. to North Memorial Hospital on the evening of 19 February 2009 for treatment that includes stitches.

56. Ms. Crowder has photographs of T. C.'s injuries.

57. After the defendant officers' entry into the dwelling, Officer Menter contacts Ms. Crowder by phone.

58. Menter informs her that T.C. "was injured".

59. Ms. Crowder speeds home from errands and finds her injured daughter.

60. Ms. Crowder demands to see a search warrant.

61. The officers produce no search warrant on her demand.

62. The officers enter the residence, allegedly in search of controlled substances.

63. Ms. Crowder denies the existence of drugs in the house.

64. Officer Menter verbally threatens to remove T. C. from the home.

65. He provides no facts or evidence to support removal of T.C -- just threats.

66. At the time that Officer Menter threatens to remove T.C. from Ms. Crowder's custody, Ms. Crowder and T.C. are not free to come or go on account of the defendant officers' execution of the search warrant and Officer Menter's demand that she remain in place.

67. Officer Menter makes an audio recording of his face-to-face communications with Ms. Crowder.

68. On imminent fear of losing her daughter and all her minor children (two) on account of Officer Menter's spoken threats, and, not being at liberty to leave Menter's presence on account of Menter's actions, Ms. Crowder agrees under coercion to all statements by Menter, regardless of the veracity of Officer Menter's statements.

69. Prior to his recorded interrogation of Ms. Crowder, Officer Menter requires her to answer his questions "yes" on pain of losing custody of her minor children.

70. Officer Menter refuses to record the entirety of his interrogation of Ms. Crowder, specifically, his order that she answer his questions in the affirmative, on pain of losing custody of her children.

71. Officer Menter fails to advise Ms. Crowder of any rights, or right to have an attorney present, at any time, before commencement of the recorded interview.

72. The recorded portion of the in-custody interrogation includes a recitation by Officer Menter of Ms. Crowder's rights to silence and the assistance of an attorney.

73. Officers David Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson claim to be searching for a male named "Toby."

74. Officer Menter directly states to Ms. Crowder that if Ms. Crowder does not cooperate in getting "Toby" to be an informant for the police, Menter would take action to take away her minor children.

75. The individual defendants find no "Toby" at the Crowder residence.

76. "Toby" does not live at 3102 N. Queen Avenue.

76. "Toby" Clarke lives at 1829 Fifth Avenue South in South Minneapolis at the time of the execution of the search warrant.

77. Officer Menter has actual knowledge of Mr. Clarke's residence in South Minneapolis, before his interrogation of Ms. Crowder.

78. Defendant officers rough up, physically manhandle, and curse Ms. Crowder in front of her daughter, using the words "fuck" and "bitch".

79. Those defendant individual officer who do not physically manhandle or curse Ms. Crowder fail to stop defendant officers who do.

80. The defendant officers leave no inventory sheet.

81. Minneapolis produces an inventory sheet in partial response to Ms. Crowder's request for access to data under the MGDPA.

82. The inventory sheet is signed by Officer Menter, and notarized on 2 March 2009.

83. The individual defendants' search and entry results in a broken door, broken latch, broken bed, broken bedroom set, torn up bunk bed, torn up double bed, broken dishes, removed Xbox36, and the removal of $2,200 cash and $3,000 in jewelry, including a bracelet and two pinkie rings from Ms. Crowder's residence.

84. The individual officers, jointly and severally, seize and transport Ms. Crowder to Hennepin County Jail, without arrest warrant, without citation, without consent, without specific charges, and without any lawful authority.

85. Crowder spends two days in Hennepin County Jail before release.

86. The state and Minneapolis charge Crowder with nothing.

87. Crowder suffers no criminal prosecution for the events at her residence on 19 February 2009.

88. She is charged with nothing.

89. Neither Menter, nor any other individual defendant, nor the City of Minneapolis, nor Hennepin County bring any action to take Ms. Crowder's minor children from her home.

90. On or about 26 January 2009, Ms. Crowder commences work as a nursing assistant at Prairie Lodge, Minnetonka, earning $12.00 per hour.

92. On information and belief, after reasonable inquiry by the plaintiff, she earns $15 per hour for twenty-four (24) hours of labor per week on Mondays, Tuesdays, and Wednesdays as a private personal care attendant (PCA), separately from Prairie Lodge.

93. Ms. Crowder leaves the private pay PCA position to gain additional hours at Prairie Lodge.

94. Plaintiff attaches and incorporates as Exhibit 4 a true copy of her W-2 from Prairie Lodge, Minnetonka.

95. Ms. Crowder discloses her employment to MPHA and Metropolitan Public Housing Authority officials before 19 February 2009.

96. Ms. Crowder makes said disclosure before receipt of her § 8 housing voucher for 3102 Queen Ave. N., Minneapolis, Minnesota 55412.

97. While Ms. Crowder and her family move into 3102 N. Queen Avenue in late 2008, MPHA fails to begin § 8 subsidy payments to her landlords, the Pfarrs, until two months after the start of her tenancy, because of the landlords' failing MPHA inspections.

98. As the direct result of her jailing without charges or probable cause, Crowder loses her job as a nursing assistant.

99. She mitigates her income loss by job searches.

100. She finds new employment four months after the 19 February 2009 incident.

101. At the time of the 19 February 2009 incident, Ms. Crowder enjoys the benefit of a § 8 Housing Assistant Program (HAP) contract.

102. She pays $341 per month in rent by the benefit of the HAP contract at the time of the incident.

103. Ms. Crowder voluntarily discloses the 19 February 2009 incident to her landlord, Mr. Daniel Pfarr.

104. Mr. Pharr takes no action to evict Ms. Crowder or her children.

105. On or about the 5th of May, 2009, Ms. Crowder receives a written communication from the Minneapolis Public Housing Authority (MPHA) to come to the  MPHA for an appointment on or about 14 May 2009.

106. Ms. Crowder receives no other written data from MPHA before 14 May 2009, other than the notice informing her of her appointment.

107. The letter from MPHA § 8 program employee Kristi Clayson alleges "violations of your lease contract including drug and criminal activity in the unit".

108. The letter does not direct Ms. Crowder to bring anything to the appointment.

109. Ms. Crowder appears for her appointment.

110. At the appointment, the MPHA employee provides a "calls for service" report from Ms. Crowder's 3102 Queen Ave. N. tenancy that includes five separate calls, a report that includes two "calls for service" before Ms. Crowder's tenancy.

111. At the appointment, the MPHA employee, Ms. Clayson, provides a police report, 9 pages long, from MP 09 049142.

112. Ms. Clayson informs Ms. Clayson that the police found male clothing at her apartment.

113. Ms. Clayson asks for an explanation.

114. Ms. Crowder explains that the police found male clothing in luggage because she and Toby had attended the NBA All-Star game in Phoenix, that they had returned two days before the raid, that they had not unpacked, and that Toby did not live at 3102 Queen Ave. N.

115. Ms. Crowder informs Ms. Clayson lives in South Minneapolis.

116. Ms. Clayson informs Ms. Crowe that another hearing on her § 8 status will take place.

117. On 1 June 2009, Ms. Crowder and her minor children move to 3914 Colfax Ave. N., Minneapolis, MN 55411 on their own free will and accord.

118. Ms. Crowder does not receive § 8 benefits at 3914 Colfax Ave. N.

119. Ms. Crowder receives a letter dated 29 July 2009 from MPHA informing her that her § 8 benefits will end "due to alleged serious violations of the program obligations and requirements by you or by members of the family household."

120. The 29 July 2009 letter informs Ms. Crowder she must request a hearing by 12 July 2009.

121. The 29 July 2009 letter identifies three (3) pieces of information on which the denial of benefits is based: (a) unspecified letters sent to Ms. Crowder by her landlord; (b) "police recap and police reports showing the high risk warrant entry and SAFE case"; and (c) "the copy of your lease that you have violated".

122. On or about 19 August 2009, Ms. Crowder receives a letter from MPHA informing her of a "denial of eligibility hearing" at MPHA on 3 September 2009.

123. The hearing takes place on 3 September 2009.

124. Ms. Crowder appears at MPHA with Mr. Ron Edwards of the Minneapolis Urban League, on or about 3 September 2009 for an "informal" § 8 termination hearing, after having her § 8 benefits terminated on 29 July 2009, pending "informal" hearing.

125. No police officers appear at the hearing.

126. At the hearing, Ms. Crowder denies that Toby Clarke lives with her.

127. Ms. Crowder brings one piece of mail and Mr. Clarke's tax return to show his residence in South Minneapolis – not with Ms. Crowder.

128. She demands to see evidence allegedly seized in the police search of her house, including a scale, contraband, and weapons.

129. MPHA produces no such evidence at the hearing.

130. No hostile witness testifies against Ms. Crowder, or refutes the evidence of Mr. Clarke's residence elsewhere.

131. MPHA refuses to accept the Clarke mail and tax return into evidence in the "informal" hearing.

132. MPHA notes the "diminished credibility" of the Metro Gang Strike Force in its written findings and conclusions following the hearing.

133. Nevertheless, and notwithstanding the above defects, MPHA takes away Ms. Crowder's § 8 Housing Assistance Program benefits after the hearing.

134. Ms. Crowder loses her Section 8 housing status as a direct result of the jailing that resulted in no charges,

135. Ms. Crowder loses her Section 8 housing status as a direct result of the raid that was not supported by search warrant or arrest warrant, and which resulted in the discovery of no controlled substances.

136. MPHA refuses to inform Ms. Crowder of any post-hearing rights, including the right to petition for certiorari to the Minnesota Court of Appeals.

137. Ms. Crowder's rent increases from $341 to $1,200 per month as a result of the loss of Section 8 support.

138. Ms. Crowder spends four months out of work until she finds new work to job as a nursing assistant.

139. As a result of the loss of Section 8 housing, Ms. Crowder has had no stable work that provides for her family's needs, including day care to enable her to work longer hours.

140. As a result of the loss of Section 8 housing, Ms. Crowder goes back on MFIP to make ends meet.

141. Ms. Crowder lived at 3313 Lyndale Ave. N., Minneapolis, MN 55411, after being homeless for four months, including the summer of 2010.

142. Ms. Crowder paid $950 in monthly rent at 3313 Lyndale Ave. N.

143. Ms. Crowder enjoyed a $200 monthly rental subsidy from ELIMS while living at 3313 N. Lyndale.

144. Ms. Crowder lost her tenancy at 3313 Lyndale Ave. N. because of an inability to pay rent after an automobile accident in May 2011 left her without an automobile and physically injured.

145. Ms. Crowder and her three minor children now live at 3659 Colfax Ave. N., Minneapolis, MN 55412.

146. Prior to the termination of § 8 without cause, resulting from the seizure and raid, Ms. Crowder did not require MFIP because she was working, although she received health care from the state for her children and herself.

147. Prior to the termination of § 8 without cause, resulting from the unreasonable seizure and raid, Ms. Crowder earned enough from her job to be just short of affording health insurance for herself and her children through her employer.

148. But for the wrongful deprivation of § 8 benefits that results from the unreasonable seizure and raid of 19 February 2009, Ms. Crowder would have been totally self-sufficient.

149. Ms. Crowder makes requests for access to all data of and concerning herself to the City of Minneapolis concerning the 19 February 2009  warrant execution.

150. Ms. Crowder attaches and incorporates her request for access as Exhibit 5

151. Minneapolis failed to provide timely the audio recording that Officer Menter made of his coerced interview with Ms. Crowder.

152. On or about 19 August 2011, more than one year after the 10 business day deadline for producing the audio recording elapsed, and after Ms. Crowder had initiated this lawsuit, Minneapolis produced the audio recording.

153. Ms. Crowder attaches and incorporates the cover letter of the City of Minneapolis dated 9 September 2011 as Exhibit 6.

154. Ms. Crowder makes request for access to all data of and concerning herself to the MPHA, on or about 19 November 2010.

155. Ms. Crowder attaches and incorporates this request for access to data as Exhibit 7.

156. To date, MPHA refuses to respond to her request for access.

157. The actions of the defendants, jointly and severally, inflict damages upon Ms. Crowder and T. C., including emotional distress, anxiety, fear, psychological harm, and, in the case of T. C., bodily injuries.

**CLAIM I: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.**

158. Ms. Crowder realleges and reasserts each and every claim and averment above.

159. David Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas

Peterson, in their individual capacities acting under color of law, enter Ms. Crowder's dwelling in excess of the scope of the authority of the search warrant, without consent, without exigent circumstances, or any other lawful authority, in violation of Ms. Crowder's clearly established right to be free from unreasonable searches and seizures of her dwelling.

160. The above-named individual defendant's actions inflict damage upon Ms. Crowder.

## CLAIM II: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.

161. Ms. Crowder realleges and reasserts each and every claim and averment above.

162. James Lynch and Gene Suker in their individual capacity acting under color of law, enter T. C.'s dwelling in excess of the scope of the authority of the search warrant, without consent, without exigent circumstances, without warning, and without any other lawful authority, after prescribed daylight hours, and past T. C.'s hour of repose, causing physical injuries to T. C., in violation of T.C.'s clearly established right to be free from infliction of excessive, unreasonable force in the course of the execution of the search warrant.

163. Defendants Lynch's and Suker's actions inflict damages upon T. C. and Ms. Crowder, in her capacity as mother and legal guardian of T.C.

**CLAIM III: FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PROTECTED THROUGH 42 U.S.C. § 1983.**

164. Ms. Crowder realleges and reasserts each and every claim and averment above.

165. David Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson, in their individual capacities acting under color of law, in their individual capacities acting under color of law, jointly and severally entered Ms. Crowder's and T. C.'s dwelling without warrant, without consent, without exigent circumstances, without warning, and without any other lawful authority, and past T. C's hour of repose, causing property damage to Ms. Crowder's front door, screen door, kitchen ceiling panels, wall-mounted coat hook, bedroom dresser set, electronic entertainment set, mattresses, bathroom cabinets, bathroom shelves, and Xbox 360 game, causing unreasonable seizure of personal property belonging to Ms. Crowder, including two pinky rings and a bracelet valued at $3,000 and in violation of Ms. Crowder's clearly established right to be free from unreasonable searches and seizures of her dwelling, and

166. The individual defendants' actions inflict damages upon Ms. Crowder and T. C.

## CLAIM IV: FOURTH AND FOURTEENTH AMENDMENT, PROTECTED THROUGH 42 U.S.C. § 1983 (UNREASONABLE SEIZURE)

167. Ms. Crowder realleges and reasserts each and every claim and averment above.

168. Defendants Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson, in their individual capacities acting under color of law, jointly and severally, unreasonably seized Ms. Crowder without warrant or other lawful authority and caused her to be jailed for two days without warrant, without exigent circumstances, without lawful authority, and without probable cause, in violation of her clearly established rights to be free from unreasonable seizures in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

169. Defendants inflict damages upon Ms. Crowder.

## CLAIM V: U.S. FAIR HOUSING ACT AS AMENDED

170. Ms. Crowder realleges and reasserts each and every claim and averment above.

171. MPHA discriminated against Ms. Crowder with respect to the terms and conditions of her § 8 housing assistance program benefits on account of race and her association with an African-American male, in violation of the Fair Housing Act as Amended.

172. The actions of MPHA inflict damages upon Ms. Crowder.

## CLAIM VI: MINNESOTA HUMAN RIGHTS ACT

173. Ms. Crowder realleges and reasserts each and every claim and averment above.

174. MPHA discriminated against Ms. Crowder with respect to the terms and conditions of her § 8 housing assistance program benefits on account of race and her association with an African-American male, in violation of the Minnesota Human Rights Act (MHRA)

175. The actions of MPHA inflict damages upon Ms. Crowder.

## CLAIM VIII COMMON LAW BATTERY

176. Ms. Crowder realleges and reasserts each and every claim and averment above.

177. Defendants Lynch and Suker, jointly and severally, inflicted common law battery upon the person of T. C. without her consent, and without lawful authority.

178. Defendants inflict damages upon T. C., including severe physical injuries and permanent scarring above her right eye.

## CLAIM IX COMMON LAW BATTERY (CITY OF MINNEAPOLIS)

179. Ms. Crowder realleges and reasserts each and every claim and averment above.

180. Defendants Lynch and Suker jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

181. Defendant City of Minneapolis inflicts common law battery upon T. C. without her consent and without lawful authority.

182. Minneapolis inflicts damages upon T. C.

## CLAIM X: COMMON LAW TRESPASS

183. Plaintiffs reallege and reassert each and every claim and averment above.

184. Officer Menter and all individual defendants, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

185. Officer Menter, all other individual police officer defendants, and Minneapolis, jointly and severally, inflict common law trespass upon plaintiffs by the individual defendants' entry into plaintiffs' dwelling, and destruction of property upon the premises of plaintiffs' dwelling, in excess of the lawful authority under the search warrant, outside daylight hours and past the hour of repose of T.C., under conditions whereby the defendants knew or should have known the hour of repose.

186. Defendants inflict damages upon plaintiffs, including such damages for which Minn. Stat. § 626.74 provides a remedy.

## CLAIM XI: COMMON LAW INVASION OF PRIVACY

187. Plaintiffs reallege and reassert each and every claim and averment above.

188. The City of Minneapolis, Defendants Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson, in their individual capacities acting under color of law, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

189. The individual officer defendants and Minneapolis, jointly and severally, inflict common law invasion of privacy upon plaintiffs by exceeding the scope of the authority of the search warrant.

190. Defendants inflict damages upon plaintiffs.

## CLAIM XII: COMMON LAW CONVERSION

191. Plaintiffs reallege and reassert each and every claim and averment above.

192. Defendants Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson, in their individual capacities acting under color of law,, jointly and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

193. Defendants Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson, in their individual capacities acting under color of law,, and Minneapolis, jointly and severally, inflict common law conversion upon plaintiffs without warrant, without consent, and without other lawful authority.

194. Defendants inflict damages upon plaintiffs.

## CLAIM XIII: COMMON LAW FALSE IMPRISONMENT

195. Plaintiffs reallege and reassert each and every claim and averment above.

196. Defendants Menter, David Loe, James Lynch, David Pleoger, Todd Sauvageau, Gene Suker, Lawrence Loonsfoot, David Garman, Mike Nimlos, and Lucas Peterson, in their individual capacities acting under color of law,, jointly

and severally, act under color of law in the course and scope of their employment as Minneapolis police officers.

197. Defendants Menter, Officers 1 – 10, and Minneapolis, jointly and severally, inflict common law false imprisonment upon Ms. Crowder without warrant, without consent, and without other lawful authority.

198. Defendants inflict damages upon Tiffany Crowder.

**CLAIM XIV: DATA PRACTICES ACT**

199. Plaintiffs reallege and reassert each and every claim and averment above.

200. Defendants City of Minneapolis and MPHA, jointly and severally, create, store, and disseminate false, inaccurate individual data of and concerning Ms. Crowder in violation of Minn. Stat. §§ 13.04 subd. 4 and 13.05 subd. 5.

201. Defendants inflict damages upon plaintiff Tiffany Crowder in violation of Minn. Stat. § 13.08 subd. 1.

**CLAIM XV: DATA PRACTICES ACT (MINNEAPOLIS)**

202. Plaintiffs reallege and reassert each and every claim and averment above.

203. Defendant City of Minneapolis fails to provide all public or private data of and concerning Ms. Crowder on a timely basis.

**CLAIM XVI: DATA PRACTICES ACT (MPHA)**

204. Plaintiffs reallege and reassert each and every claim and averment above.

205. Defendant MPHA fails to provide all public or private data of and concerning Ms. Crowder on a timely basis.

**CLAIM XVII: First, Sixth, and Fourteenth Amendment to the United States Constitution, with reference to 42 U.S.C. § 1437f, as Protected through 42 U.S.C. § 1983**

206. Ms. Crowder realleges and reasserts each and every claim and averment above.

207. 24 C.F.R. §§ 982.552(c) and 982.555, with respect to their provisions for hearings for termination of tenant-based § 8 housing assistance program benefits, as written, do not provide for compulsory appearance of witnesses, do not enshrine the clearly established right to confront hostile witnesses when a protected liberty interest is at stake, per *Goldberg v. Kelly*, 397 U.S. 254 (1971), do not provide for an electronically recorded or court reporter-transcribed verbatim hearing – necessary for full and fair certiorari review of the record of a termination hearing by the Minnesota Court of Appeals, in violation of the Sixth and Fourteenth Amendment guarantees of Confrontation and Due Process, as well as guarantees of due process under Minn. Const. Art. I, §§ 7 and 8.

208. MPHA made its determination in part on the basis of documents not provided to Ms. Crowder prior to the hearing.

209. MPHA made its determination in part, notwithstanding documents in its possession, but not provided to Ms. Crowder prior to the hearing, that militated against revocation of Ms. Crowder's § 8 benefits.

210. MPHA made its determination, in part, upon hearsay evidence without giving Ms. Crowder the opportunity to cross-examine the declarant(s), viz., police

officers in the warrant execution, to impeach the declarant(s), or to call witnesses to contradict the declarants. MPHA refuses to admit plaintiff's plaintiff's documentary evidence showing Mr. Clarke's residence in S. Minneapolis, and not her home.

211. MPHA failed to make a transcript of the § 8 hearing available to Ms. Crowder for use on petition for certiorari.

212. MPHA failed to inform Ms. Crowder of her right to petition for certiorari to the Minnesota Court of Appeals within sixty days of the decision.

213. The termination of Ms. Crowder's § 8 housing assistance program benefits by MPHA, violated Ms. Crowder's clearly established rights of confrontation and due process.

214. MPHA's actions inflict damages upon Ms. Crowder.

CLAIM XVIII: COMMON LAW NEGLIGENCE AGAINST DEFENDANTS LYNCH AND SUKER, AND CITY OF MINNEAPOLIS

215. Plaintiffs realleges and reassert each and every claim and averment above.

216. Plaintiffs sue defendants Lynch and Suker in their individual capacities for actions in the course and scope of their employment as Minneapolis police officers, and the City of Minneapolis by *respondeat superior*, for actions taken by defendants Lynch and Suker breaching their duties of ordinary care to T.C. in the execution of the search warrant, by violating (a) ministerial duties to refrain from use of unreasonable force to open the front door in night-time hours, past the hour of T.C.'s repose, and (b) known rights of T.C. and all other dwellers inside to be

free from execution of a search warrant in night-time, after the hour of repose in opening the front door with a steel ram, striking T.C. in the face with the door, where such violations directly cause bodily injuries to T.C., including a cut over T.C.'s right eye that requires stitches and leaves a permanent scar

**217. The three defendants' joint and several actions inflict damages upon T.C.**

**WHEREFORE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:**

**A. JUDGMENT AGAINST THE DEFENDANTS, JOINTLY AND SEVERALLY;**

**B. DAMAGES AGAINST THE INDIVIDUAL DEFENDANTS NAMED ABOVE IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

**C. DAMAGES AGAINST THE CITY OF MINNEAPOLIS IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

**D. DAMAGES AGAINST MPHA IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

**E. PUNITIVE DAMAGES AGAINST THE INDIVIDUAL DEFENDANTS NAMED ABOVE, JOINTLY AND SEVERALLY, IN EXCESS OF $75,000, OR SUCH SUM AS THE JURY SHALL AWARD;**

**F. REINSTATEMENT OF MS. CROWDER'S § 8 HOUSING ASSISTANCE PROGRAM BENEFITS;**

G. COMPELLED PRODUCTION BY THE CITY OF MINNEAPOLIS OF ALL DATA WRONGFULLY WITHHELD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a);

H. COMPELLED PRODUCTION BY MPHA OF ALL DATA WRONGFULLY WITHHELD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a);

I. CIVIL PENALTY AGAINST MPHA IN ACCORDANCE WITH THE MINNESOTA HUMAN RIGHTS ACT, IN SUCH AMOUNT AS THE JURY SHALL AWARD;

J. EXEMPLARY DAMAGES AGAINST THE CITY OF MINNEAPOLIS UP TO $15,000, OR SUCH SUM AS THE JURY SHALL AWARD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 1;

K. EXEMPLARY DAMAGES AGAINST MPHA UP TO $15,000, OR SUCH SUM AS THE JURY SHALL AWARD, IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 1;

L. CIVIL PENALTY AGAINST MINNEAPOLIS IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a) UP TO $1,000, OR SUCH AMOUNT AS THE JURY SHALL AWARD;

M. CIVIL PENALTY AGAINST MPHA IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 4(a) UP TO $1,000, OR SUCH AMOUNT AS THE JURY SHALL AWARD;

**N. INJUNCTION AGAINST FURTHER DISSEMINATION OF FALSE, INACCURATE INDIVUDAL DATA CONCERNING PLAINTIFFS BY DEFENDANTS MINNEAPOLIS, MPHA, OR THEIR REPRESENTATIVES, THAT ARISE FROM MS. CROWDER'S TENANCY AT 3102 QUEEN AVE. N., IN ACCORDANCE WITH MINN. STAT. § 13.08 SUBD. 2;**

**O. CORRECTION OF ALL FALSE, INACCURATE INDIVUDAL DATA CONCERNING PLAINTIFFS BY DEFENDANTS MINNEAPOLIS, MPHA, OR THEIR REPRESENTATIVES, THAT ARISE FROM MS. CROWDER'S TENANCY AT 3102 QUEEN AVE. N., IN ACCORDANCE WITH MINN. STAT. §§ 13.04 SUBD. 4, 13.08 SUBD. 2 AND 13.08 SUBD. 4(a);**

**P. COMPENSATORY DAMAGES FOR PROPERTY DAMAGE IN ACCORDANCE WITH MINN. STAT. § 626.74 SUBD. 2 AGAINST CITY OF MINNEAPOLIS;**

**Q. PREJUDGMENT INTEREST;**

**R. COSTS AND DISBURSEMENTS;**

**S. REASONABLE ATTORNEY FEES IN ACCORDANCE WITH 42 U.S.C. § 1988, MINN. STAT. §§ 13.08 SUBD. 1 AND 13.08 SUBD. 4(a); AND**

**T. ALL OTHER LEGAL AND EQUITABLE RELIEF APPROPRIATE UNDER THE CIRCUMSTANCES.**

**<u>PLAINTIFFS DEMAND TRIAL BY JURY.</u>**

## VERIFICATION

Having reviewed the factual allegations, assertions, and averments above, and, with exception for those statements made on information and belief and those statements making conclusory statements of law or stating claims for relief, plaintiff hereby affirms under penalty of law that the above statements, assertions, and averments are made to the best of plaintiff's present knowledge.

Date: _____                    _____

                                       Tiffany Crowder

STATE OF MINNESOTA          )
                            ) SS.
COUNTY OF HENNEPIN          )

Subscribed and affirmed before me this ___ day of _____, 201_.


_____
Notary Public

Signed in accordance with Fed. R. Civ. P. 11 and Minn. Stat. § 549.211.

Date: 31 December 2011    PETER J. NICKITAS LAW OFFICE, LLC

/s/ *Peter J. Nickitas*

_____

Peter J. Nickitas, MN Att'y #212313
Attorney for the plaintiff
431 S. 7th St., Suite 2446
P.O. Box 15221
Minneapolis, MN 55415-0221
(651) 238-3445/FAX (952) 546-6666
peterjnickitaslawllc@gmail.com